CHARLES J. SCHUCK, Judge.
Claimants, the owners in fee of a certain tract of land comprising about 51.08 acres situated in Cabell county, West Virginia, ask for damages in the amount of $5000.00 for the wrongful appropriation by - the state road commission of a portion of said tract now used as a public road and known and designated on the state road maps as ‘‘secondary road No. 46.” Claimants allege that the said appropriation of the land in question took place in the summer or autumn of 1934 and that work on the road was started and carried on by the commission in the fall of 1945. Claimants, one of whom has died since the filing of this claim, were non-residents of the state and seldom visited or saw the said tract. They allege further that they have never received any notice of the alleged appropriation by the state and did not know of the road commission’s action until a long time after the entry and taking of the said portion of land. No action to compel the road commission to institute condemnation proceedings has ever been taken by the claimants or either of them. In fact, no suit or action of any *230 kind, except the presentation of the claim here, has ever been instituted by the claimants, or either of them, to seek or obtain redress for the alleged trespass.
Under the foregoing allegations and facts the respondent filed a motion to dismiss in the nature of a plea for want of jurisdiction on the part of this court to hear and determine the issues involved, and argued that the act of the Legislature creating the Court of Claims specifically denied it jurisdiction to hear any claim in respect to which proceedings in the state courts may be maintained.
It is obvious that the record before us and the facts as revealed clearly show that whatever rights claimants have or may have had should or ought to have been asserted in the state courts and that no claim is here presented, the determination of which is within the jurisdiction of this court to hear and decide. Clearly, under the laws of our state, any question of damages incident to or occasioned by the alleged appropriation of the land by the road commission would first have to be determined in a proper proceeding in a state court.
The motion to dismiss the claim is therefore sustained.